### CITY OF OMAHA et al. v. OMAHA WATER CO.

### CITY OF OMAHA v. SAME.

(Circuit Court of Appeals, Eighth Circuit. May 11, 1909.)

Nos. 2,970, 2,971.

1. WATERS AND WATER COURSES (§ 203*)—SUPPLY OF WATER TO CITY—CONTRACT—ACTION FOR BREACH—DEFENSES.

   Evidence *held* not to sustain the defense of a city to an action by a water company to recover hydrant rentals on the ground that the company had failed substantially to perform its contract.

   [Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 203.*]

2. APPEAL AND ERROR (§ 1047*)—REVIEW—HARMLESS ERROR—ORDER OF INTRODUCING EVIDENCE.

   The mere admission in rebuttal of evidence necessary to a plaintiff's case in chief is not reversible error.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4132; Dec. Dig. § 1047.*]

In Error to the Circuit Court of the United States for the District of Nebraska.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

John Lee Webster and Carl C. Wright (Harry E. Burnam, on the brief), for plaintiffs in error.

Howard Mansfield and R. S. Hall (Herbert C. Lakin, on the brief), for defendant in error.

Before HOOK and ADAMS, Circuit Judges, and CARLAND, District Judge.

PER CURIAM. When these cases, which were consolidated for trial, were here before, we expressed the principles governing the rights of the parties with respect to the hydrant rentals in controversy. Omaha Water Co. v. City of Omaha, 85 C. C. A. 54, 156 Fed. 922. At the second trial the Circuit Court applied those principles, and held there was not sufficient evidence for the consideration of the jury that the water company had, under the facts conceded to exist or clearly proved, failed in substantially performing its obligations under the ordinance contract. Verdicts against the city were therefore directed. Without restating the record as it was when here before, or mentioning in detail the additional evidence that was received, it is sufficient to say we think the Circuit Court was right. The proof was that the water company had substantially performed its contract. There was no substantial evidence to the contrary.

The contention as to the pleadings is disposed of by our former opinion. The order of the introduction of evidence followed the course of the pleadings; but, were this not so, the mere admission in rebuttal of evidence necessary to a plaintiff's case in chief is not error. When a defendant is not surprised, and is afforded an opportunity to meet the evidence so admitted, his substantial rights are not prejudiced. We discover no error in the court's action in the other particulars specified in the assignments.

The judgments are affirmed.